STEVEN G. KALAR
Federal Public Defender
JOHN PAUL REICHMUTH
Assistant Federal Public Defender
1301 Clay St.– Suite 1350N
Oakland, CA 94612
Telephone:  (510) 637-3500

Counsel for Defendant MANRIQUEZ-ALCANTARA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 15-130-JD |
| Plaintiff, | **MIGUEL MANRIQUEZ-ALCANTARA'S SENTENCING MEMO** |
| vs. | Date:   September 17, 2015 |
| MIGUEL MANRIQUEZ-ALCANTARA, | |
| Defendant. | |

     Miguel Manriquez-Alcantara comes before this court for sentencing after pleading guilty to Production of a False Identification Document, in violation of 18 U.S.C. § 1028(a)(1), (b)(1)(A)(ii) and (c)(3).   The parties have entered into a plea agreement with an adjusted offense level of 10.  The Probation Officer agrees with these calculations, finds a Criminal History Category of I, and recommends a sentence of three years Probation.  Mr. Manriquez-Alcantara has always been stable and industrious; he has no criminal history.  He has accepted a felony disposition in this case, as well as forfeiture, which are significant sanctions.  By and through counsel, he joins with the government in requesting that a term of one year probation, including a condition of four months home confinement, be imposed.

A.   **Mitigating Factors Under §3553 Support The Imposition of Probation**
B.

   1.   **Mr. Manriquez-Alcantara's History and Characteristics**

   Mr. Manriquez-Alcantara had to endure an unpleasant childhood. His father alternately provided abuse and abandonment. (PSR ¶ 36). Mr. Manriquez-Alcantara was a child laborer. He worked at a textile shop, loaded laundry trucks, and worked in stores and a paper company. (PSR ¶ 38). Despite these circumstances, he became a successful person. He avoided gangs and drugs. *Id.* He graduated from high school and had planned to study law until his brother's death forced him to stay in the workforce. (PSR ¶¶ 38, 49). Mr. Manriquez-Alcantara has always worked; he held one full-time job for 15 years. (PSR ¶ 54). In his 57 years, the instant case represents his first police contact. (PSR ¶¶ 27-33).

   Accepting responsibility for this offense, Mr. Manriquez-Alcantara told the Probation Officer: "From the time I was 10 years old, I was a hard worker. This is the first crime I have committed, and also the last. I feel remorse. I beg forgiveness for any wrongdoing against the United States. It makes me very sad to know I fell into these ways." (PSR ¶ 14).

   2.   **The Nature and Circumstances of the Offense Support the Imposition of Probation.**

   Mr. Manriquez-Alcantara admitted in his plea agreement that he made and sold false identification documents, including a false California Driver's License, and that his financial gain therefrom was between $5,000 and $10,000.

   3.   **The Proposed Sentence Effectuates the Goals of Punishment**.

   In *United States v. Booker*, the Supreme Court held that the United States Sentencing Guidelines are advisory only—not mandatory. 543 U.S. 220, 245 (2005); *see also United States v. Rita*, 127 S. Ct. 2456, 2465 (2007). In fashioning an appropriate sentence, the court must consider all the factors set forth in 18 U.S.C. § 3553(a), including:

1  (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the advisory guideline range;

(5) any pertinent policy statement by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a)(1)-(7); *Booker*, 543 U.S. at 245-46; *United States v. Diaz-Agueta*, 447 F.3d 1167, 1171 (9th Cir. 2006); *United States v. Rodriguez-Rodriguez*, 441 F.3d 767, 770 (9th Cir. 2006); *United States v. Menyweather*, 431 F.3d 692, 694 (9th Cir. 2005).

After *Booker*, the fundamental consideration for the district court in sentencing is Congress' directive that the district court "shall impose a sentence *sufficient, but not greater than necessary*, to comply with [the purposes of sentencing]." 18 U.S.C. § 3553(a) (emphasis added); *Rodriguez-Rodriguez*, 441 F.3d at 770.

Applying the dictates of § 3553(a) to this case, a sentence of one year probation is fair and just. This case involves Mr. Manriquez-Alcantara's first foray into criminal court, and it has resulted in a felony conviction. The felony sanction reflects the seriousness of the offense. Because Mr. Manriquez-Alcantara is a hard-working, employable individual with no mental health or addiction issues, rehabilitation and protection of the public can be achieved through community supervision.

**4.     Conclusion**.

A probation sentence will be able to effectuate all of the goals of punishment.

Based on the foregoing, the defense requests that the court sentence Mr. Manriquez-Alcantara to one year term of Probation, with the condition that he serve four months in home detention.

Dated: September 3, 2015

                                              Respectfully submitted,

                                              STEVEN G. KALAR
                                              Federal Public Defender

                                              /s/

                                              JOHN PAUL REICHMUTH
                                              Assistant Federal Public Defender